SCIRE FACIAS on a mortgage. Pleas —
1. A mortgage was executed by Auley Lore to plaintiffs, for $800 on the 1st of February, 1849. He held the land as tenant in common with other parties; and commenced proceedings in chancery for partition. He died in August, 1849. Henry Davis administered. The proceedings were continued, and at September term 1849, Alfred Lore, the son, accepted the land in chancery, and entered into recognizance, which has since been paid. The mortgage was not recorded until after the acceptance by Alfred Lore, under which he took title, discharged of the mortgage, which was no lien The effect of an assignment in the Orphans' Court is the same as if the land had been sold by Auley Lore, in his life time. *Page 355 
2. That the land of Auley Lore had been sold by order of the Orphans' Court, for payment of his debts; and the sale paid off the judgment of these plaintiffs, which was collateral to this mortgage. The payment of the judgment discharged the mortgage.
 Demurrer and joinder.
 Messrs. Gray and Rogers, for plaintiffs. — 1. This scire facias is for the purchase money of the property mortgaged, which was a lien from the date of the recording it. Auley Lore held the land as a tenant in common; had begun proceedings for partition; died; the son accepted the land; and took the title of the father, subject to a general lien for all his debts. The son takes under the acceptance, as heir, and not as a purchaser.
2. A mortgage, though in other respects simply a security is, as between the parties, a conveyance.
3. These pleas are not admissible in the action of scire facias. This, if a defence, is only an equitable defence, and cannot be set up here.
Mr. Bayard. — The act of assembly makes "payment, or any other plea in avoidance of the deed, a defence at law in scire facias on a mortgage:" — that is, not any plea showing that the deed is void, but in avoidance of its force in the case to entitle the plaintiff to have execution against the land. A mortgage is but a security; not a conveyance any more between the parties than as to a third party; otherwise "payment" would be no plea. This is purely a legal defence; it is in avoidance of the deed, as the warrant for a scire facias. A mortgage is no lien until recorded. It is pleaded that there was no such recording, and plaintiff demurs, admitting the fact. This is a defence in avoidance of the deed.
2. The judgment is collateral to the mortgage, and the plea of payment settles this question. If the judgment is paid, that discharges the mortgage.
Mr. Rodney suggested that Alfred Lore got but a small part as heir, and took all the rest actually by purchase. He gave recognizance for all. He is to be treated simply as a purchaser.
 Judgment for defendant.